# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE STATE CONFERENCE OF THE NAACP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM B. LEE, in his official capacity as Governor of the State of Tennessee, et al.,<br><br>Defendants. | Case No. 3:23-cv-00832<br><br>JUDGE ELI RICHARDSON<br>JUDGE ERIC E. MURPHY<br>JUDGE BENITA Y. PEARSON |

## THE PARTIES' JOINT STATUS REPORT REGARDING A PROPOSED SCHEDULE FOR THE CASE

On August 29, 2023, the Court ordered the Parties to submit a joint status report setting forth a proposed schedule for the case going forward. ECF No. 23. The Parties submit this joint status report summarizing the Parties' proposed schedules. In addition, Defendants provide their position regarding a stay of discovery. Plaintiffs provide a response.

### PARTIES' PROPOSED SCHEDULES

The Parties met and conferred on September 5 and have agreed on the schedule regarding the motion to dismiss:

- Deadline for answer/Defendants' motion to dismiss: October 10, 2023.

- Deadline for Plaintiffs' response to Defendants' motion to dismiss: November 7, 2023.

- Deadline for Defendants' reply to Plaintiffs' response to Defendants' motion to dismiss: November 21, 2023.

As to the remainder of the schedule, the Parties' respective positions are outlined below:

1

**Plaintiffs' position:**

- Parties' initial case management conference under Federal Rule 26(f): As soon as practicable after the joint status conference before the Court on September 15, 2023; no later than September 29, 2023.

- Deadline for Parties' initial disclosures: 14 days after the Parties' 26(f) Conference.

- Deadline for subsequent case management conference: Conferences to be held every 45 days during the discovery period, or as requested by the respective parties.

- Modification of case management order: 7 days in advance of the earliest impacted deadline.

- Deadline to complete fact discovery: July 8, 2024.

- Deadline for disclosure of expert reports: August 1, 2024.

- Deadline for rebuttal expert reports: August 29, 2024.

- Deadline for reply to rebuttal reports: September 12, 2024.

- General Election: November 5, 2024.

- Deadline for supplemental expert reports: contingent on the availability of precinct-level election returns after the November 5, 2024, General Election.

- Deadline for reply to supplemental expert reports: contingent on the availability of precinct-level election returns after the November 5, 2024, General Election.

- Deadline to file motions for summary judgment: January 24, 2025.

- Deadline to file responses to motions for summary judgment: February 14, 2025.

- Deadline to file replies to motions for summary judgment: February 21, 2025.

- Deadline for joint pretrial order: April 1, 2025.

- Deadline for *Daubert* Motions: April 1, 2025.

- Deadline for motions in limine: April 1, 2025.

- Proposed trial date: April 21, 2025.

**Defendants' position:**

- Stay until Supreme Court's ruling on *Alexander v. South Carolina State Conference of the NAACP*, No. 22-807 (U.S.) (scheduled for argument 10/11/23).

- Supplemental briefing by all parties on motion to dismiss due 14 days after Supreme Court issues an opinion in *Alexander v. South Carolina State Conference of the NAACP*.

- Fact discovery closes 120 days after the *Alexander* opinion.

- Expert disclosures/reports 7 days after close of fact discovery.

- Rebuttal expert reports 28 days after initial report deadline.

- Expert discovery close 56 days after close of fact discovery.

- Deadline to file motions for summary judgment: 14 days from close of expert discovery.

- Deadline to file responses to motions for summary judgment: 21 days from initial summary judgment motions.

- Deadline to file replies to motions for summary judgment: 14 days from summary judgment responses.

- Deadline for joint pretrial order: 45 days from motion for summary judgment reply deadline.

- Deadline for *Daubert* motions: 45 days from motion for summary judgment reply deadline.

- Deadline for motions in limine: 45 days from motion for summary judgment reply deadline.

- Trial: April / May 2025.

**PARTIES' STATEMENTS REGARDING A POTENTIAL STAY OF DISCOVERY (INCLUDED IN THIS SCHEDULING ORDER AT DEFENDANTS' REQUEST)**

**Defendants' Position**

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719

3

(6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). That "broad discretion" permits a court to "stay all proceedings pending the resolution of independent proceedings elsewhere," such as a case pending before the U.S. Supreme Court. *Hammond v. Floor & Decor Outlets of Am., Inc.*, 2020 WL 6712168, at *2 (M.D. Tenn. Nov. 16, 2020). When deciding whether to grant a stay, courts consider (1) the potential for the other case to have a dispositive effect on the case to be stayed, (2) the judicial economy to be saved by waiting on a dispositive decision, (3) hardship or prejudice to the non-moving party, and (4) the public welfare. *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255).

The Supreme Court's forthcoming decision in *Alexander v. South Carolina State Conference of the NAACP*, No. 22-807 (U.S.), will substantially affect these proceedings. This case, just like that one, involves racial gerrymandering and race discrimination causes of action brought against a congressional district. There, the three-judge panel entered judgment for plaintiffs over the defense that the lawmakers drew the map for partisan advantage rather than racial animus. *Alexander* thus presents issues that will be front and center throughout this dispute, including how to disentangle race from politics, how to find racial predominance over traditional redistricting principles, and the extent to which courts can find intentional discrimination without first finding any discriminatory effect. *See* Jurisdictional Statement at i–ii, Alexander v. S.C. State Conf. of the NAACP, No. 22-807 (U.S. Feb. 17, 2023). If there were any doubt *Alexander*'s central importance, counsel for the Plaintiffs Pooja Chaudhuri dispelled it, stating: "The South Carolina case is absolutely relevant to [the Tennessee] case because the claims in this case and that case *are identical*." Jonathan Mattise, Lawsuit says Tennessee's US House and state Senate maps discriminate against communities of color, WFTV9 (Aug. 9, 2023), https://bit.ly/45UwzVi (emphasis added).

4

A stay also promotes judicial economy. Of course, "it would prove to be an extraordinary waste of time and money to continue litigating this case only to have to do it all again because the experts, the parties and the Court were proceeding under a legal framework that the [Supreme Court] determined did not apply." *Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at *7 (S.D. Cal. May 11, 2018). There is considerable risk of duplication here because the Court decided to hear *Alexander* rather than summarily affirm the three-judge panel's decision, which suggests that the Court intends to clarify the relevant legal framework. *See* Stephen M. Shapiro et al., Supreme Court Practice 7-18 (11th ed. 2019) ("[T]he jurisdictional statement . . . [is] a statement showing that the appellant's case has sufficient merit to warrant plenary review . . . . The function of the jurisdictional statement is thus not greatly different from that of a petition for certiorari, the purpose of which also is to persuade the Court to hear argument in the case."). Moving forward with discovery before this court decides the forthcoming motion to dismiss in light of *Alexander* makes little sense.

Finally, the balance of the harms favors granting a stay. The Plaintiffs face minimal hardship from a short stay[1] pending the Supreme Court's decision in *Alexander*, which the parties have jointly asked the Supreme Court to issue on an expedited schedule. Even with a stay, the Defendants propose a trial starting in April or May 2025. That is just two months after the Plaintiffs' proposed date of February 2025. Absent a stay, however, the State will be forced to expend time and resources on discovery that may be unnecessary, or need to be redone, once the Supreme Court clarifies the legal framework for this case. *See Elmy v. Western Express, Inc.*,

---

[1] The parties in *Alexander* jointly requested that the Court schedule oral argument for October 2023, and that, "in order to ensure clarity for the 2024 election cycle," the Court "issue a decision by January 1, 2024." Letter from John M. Gore to Scott Harris, Re: Argument and Briefing Schedule in *Alexander v. South Carolina State Conference of the NAACP*, No. 22-807 (U.S.) (U.S. May 25, 2023), bit.ly/3ExGnJa.

5

2018 WL 11454855, *1 (M.D. Tenn. Apr. 4, 2018) (granting a stay pending the Supreme Court's decision in *New Prime, Inc. v. Oliveira* because of the similarity of the issues involved and because a stay "will promote judicial efficiency and conservation of resources for both the parties and the Court").

Contrary to Plaintiffs' accusations below, Defendants explained during the meet and confer why they believe a stay is appropriate and indicated that this issue would be presented to the court for resolution. Defendants will file a motion to stay along with the forthcoming motion to dismiss explaining in more detail why the court should stay these proceedings pending the Supreme Court's decision in *Alexander*, which is set to be argued on October 11, 2023. Of course, Defendants have no objection to Plaintiffs being afforded a full opportunity to respond once that motion is filed. Defendants believed that including a short explanation of the basis for their position that a stay is warranted would assist the court as it considers the schedule moving forward.

**Plaintiffs' Response**

The Court's Order stated that "counsel shall file a Joint Status Report that sets forth a proposed schedule for the case going forward," ECF No. 23. In response to the Court's Order, on September 5, 2023, the Parties met and conferred. The Parties came to agreement on the motion to dismiss schedule but were unable to reach consensus as to the remainder of the schedule. In large part, this was due to Defendants' refusal to participate in any discovery until the Supreme Court rules in *Alexander v. South Carolina State Conference of the NAACP*, No. 22-807 (U.S.). Plaintiffs disagree that the extraordinary relief of a discovery stay is warranted in this case. That said, should Defendants wish to seek such a stay, the proper course of action is for them to file a formal motion to stay the case and provide Plaintiffs an adequate opportunity to oppose it.

Defendants chose a different path, instead opting to brief their position on a stay as part of this submission. They did not provide Plaintiffs any notice of their intent to do so; instead, they simply included several pages of legal argument as part of a new section of the joint status report, which they sent to Plaintiffs after COB on the evening of September 7, 2023. Plaintiffs maintain that this inclusion is improper. The Local Rules require that "in cases in which all parties are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, must state that counsel for the moving party has conferred with all other counsel, and whether or not the relief requested in the motion is opposed." M.D. Tenn. R. 7.01(a)(1). Here, Defendants did not conference with Plaintiffs about their intention to include substantive arguments regarding a motion to stay as part of this scheduling submission. Further, in accordance with the Local Rules, any party opposing a motion has fourteen (14) days after service of the motion to file a response. *See* M.D. Tenn R. 7.01(a)(2). Here, of course, Plaintiffs were given less than twenty-four hours. Accordingly, Plaintiffs ask that this Court disregard Defendants' insert regarding the motion to stay discovery, and simply consider the parties' competing schedules. Should Defendants wish to file a proper motion to stay discovery, Plaintiffs will respond to such motion as provided for by the Local Rules.

That said, because the Court may find it helpful, Plaintiffs respond on the substance as follows. As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortg. Electronic Registration Sys.*, No. 3:13-0031, 2013 WL 1966304, at *2 (M. D. Tenn. May 10, 2013). Instead, a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1). *See CHS/Cmty. Health Sys., Inc. v. Med. Univ. Hosp. Auth.*, No. 3:20-CV-00163, 2021 WL 5863598, at *2 (M.D. Tenn. Jan. 4, 2021). Under Rule 26(c), Parties seeking a protective order

7

have the burden to show good cause for such an order. *See In re Skelaxin Metaxalone Antitrust Lit.*, 292 F. R. D. 544, 549–50 (E. D. Tenn. 2013). To show good cause, the moving party must in turn articulate *specific facts* that establish a defined and serious injury resulting from the discovery sought; mere conclusory statements will not suffice. *In re Skelaxin*, 292 F. R. D. at 549. Good cause does not exist because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F. R. D. 428, 431 (E. D. Mich. 1979) (citing *United States v. Am. Optical Co.*, 39 F. R. D. 580 (N. D. Cal. 1966)). Here, Defendants have not sufficiently established that good cause exists for a stay or that serious injury would result from any discovery Plaintiffs seek while *Alexander* is heard by the Supreme Court.

While the nature of the claims in this case brought under the Fourteenth and Fifteenth Amendments (*i.e.*, racial gerrymandering and discriminatory intent) may be "identical" to the claims in *Alexander*, the discovery sought in this case will be the same regardless of how *Alexander* is decided. In a case in which the plaintiffs brought claims under Section 2 of the Voting Rights Act, among others, a three-judge panel in the Western District of Texas denied the State of Texas's motion to stay discovery pending the Supreme Court's ruling in *Allen v. Milligan*, 143 S. Ct. 1487 (June 8, 2023). Order of Three-Judge Panel on Apr. 22, 2022, ECF No. 246, *League of Latin Am. Citizens v. Abbott*, No. 3:21-cv-00259 (W.D. Tex. Nov. 22, 2021) (consolidated cases). Even if a pending case that was certain to modify the existing legal standards were a legitimate reason to stay discovery in an unrelated case, there is no reason to believe that *Alexander* is such a case, as opposed to one that will simply involve a direct review of the three-judge panel's application of the facts to the existing law. *See S.C. State Conf. of the NAACP v. Alexander*, No. 3:21-cv-03302, 2023 WL 118775 (D.S.C. Jan. 6, 2023).

8

Defendants also failed to establish that they "would suffer irreparable injury if the case move[d] forward"—which is required where a party seeks to stay a proceeding pending the resolution of another action. *See McKinley v. Grill*, No. 17-2408-JPM-TMP, 2017 WL 7052145, at *1 (W.D. Tenn. Aug. 11, 2017) (denying stay sought pending the resolution of related Supreme Court case). "Only in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 2554 (1936). The moving party has the burden of demonstrating that it "will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." *Int'l Bhd. of Elec. Workers, Local Union No.2020 v. AT&T Network Sys.*, No. 88-3895, 1989 WL 78212 at *8 (6th Cir. July 17, 1989) (citing *Landis*, 299 U.S. at 255; *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). Again, Defendants have proffered no facts sufficient to meet that burden.

Plaintiffs will address these arguments in the appropriate forum should Defendants decide to file a proper motion for a stay.

Dated: September 8, 2023

9

Case 3:23-cv-00832   Document 28   Filed 09/08/23   Page 9 of 11 PageID #: 176

*Counsel for Plaintiffs*

JON GREENBAUM[+]
EZRA D. ROSENBERG[+]
POOJA CHAUDHURI[+]
Lawyers' Committee for Civil Rights
Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Tel.: 202-662-8600
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
pchaudhuri@lawyerscommittee.org


GEORGE E. MASTORIS*
MICHELLE D. TUMA*
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel.: 212-294-6700
gmastoris@winston.com
mtuma@winston.com

*/s/ Phillip F. Cramer*
PHILLIP F. CRAMER
Sperling & Slater
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
Tel.: 312-224-1512
pcramer@sperling-law.com

JEFFREY LOPERFIDO*
MITCHELL D. BROWN*
Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
Tel.: 919-323-3380
jeffloperfido@scsj.org
mitchellbrown@scsj.org

*\* Pro hac vice pending*
[+]*Admission to the Middle District of Tennessee Bar pending*

*Counsel for Defendants*

ADAM K. MORTARA (BPR# 40089)
Lawfair LLC
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

*/s/ Ryan Nicole Henry*
RYAN NICOLE HENRY (BPR# 40028)
Assistant Attorney General
MIRANDA JONES (BPR# 36070)
Senior Assistant Attorney General Office of the
Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-2935
ryan.henry@ag.tn.gov
Miranda.Jones@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on September, 8 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Phillip F. Cramer*
Phillip F. Cramer
