UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TENNESSEE STATE CONFERENCE OF THE NAACP, et al., | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Case No. 3:23-cv-00832 |
| WILLIAM B. LEE, et al., | ) ) | JUDGE ELI RICHARDSON JUDGE ERIC E. MURPHY |
| Defendants. | ) | JUDGE BENITA Y. PEARSON |

**ORDER**

In an Order filed August 21, 2024 (Doc. No. 75, "Order"), this Court granted Defendants' joint motion to dismiss the Complaint. At the conclusion of the Order, to summarize the basis and nature of the dismissal, the Court explained:

> All told, we deny [Defendants'] motion to dismiss the Complaint on laches ground[s]. We grant the motion to dismiss Governor Lee on sovereign-immunity grounds. And we grant the motion to dismiss the Complaint for failing to state plausible claims of racial gerrymandering and vote dilution. But we grant this last relief without prejudice. A district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). We find this standard met here because the Supreme Court in *Alexander* clarified the applicable law only after the parties completed their motion-to-dismiss briefing and only one day before oral argument on that motion. And [Plaintiffs] may be able to allege facts that plausibly "disentangle race from politics" now that they know our view of the law after *Alexander*. 144 S. Ct. at 1233. We thus should give them a chance to amend since "a more carefully drafted complaint might state a claim[.]" *Walker v. Massey*, 2023 WL 28435, at *7 (M.D. Tenn. Jan. 3, 2023) (citation omitted); see 5B Charles A. Wright et al., *Federal Practice & Procedure* § 1357, at 501 (2024). [Plaintiffs] will have thirty days to seek leave to file an amended complaint curing the pleading defects that we have identified in the original one. The Court retains jurisdiction in the meantime.

(Doc. No. 75 at 49). More than thirty days have elapsed, and Plaintiffs have not sought leave to file an amended complaint. Accordingly, this action is now due for final dismissal in its entirety,[1] and such dismissal should be one with prejudice because it is based primarily on Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Miller v. Collins,* No. 23-3191, 2023 WL 7303305, at *4 (6th Cir. Nov. 6, 2023) ("[D]ismissals pursuant to Rule 12(b)(6) are 'judgment[s] on the merits' and are therefore presumed to be with prejudice." (quoting *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (internal citation omitted)).

This action is therefore DISMISSED with prejudice in its entirety. The Clerk of Court is directed to enter final judgment under Rule 58 and close the file.

*/s/ Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

*/s/ Eric E. Murphy*
ERIC E. MURPHY
UNITED STATES CIRCUIT JUDGE

*/s/ Benita Y. Pearson*
BENITA Y. PEARSON
UNITED STATES DISTRICT JUDGE

---

[1] As noted, Governor Lee in particular is due to be dismissed pursuant to the Order on alternative grounds as well, but the dismissal of this case *in its entirety* is based on Rule 12(b)(6).